IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUTHWEST RESEARCH INSTITUTE,<br>    *Plaintiff* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-20-CV-00986-XR |
| -vs- | | |
| CALIFORNIA FUELING, LLC,<br>    *Defendant* | | |

## ORDER

On this date, the Court considered Plaintiff Southwest Research Institute ("SwRI")'s Motion to Remand (ECF No. 8), and the response and reply thereto. The issue is whether Defendant California Fueling, LLC has demonstrated that the amount in controversy exceeds the required minimum of $75,000 for diversity jurisdiction. After careful consideration, the Court will deny the motion to remand.

### Background

SwRI and California Fueling entered into a contract in 2017 whereby SwRI would perform emission testing for California Fueling on California Fueling's product in connection with California Fueling's efforts to certify its product in California. According to the petition, SwRI "fully performed its work under the Contract, completed the Project and issued a final report on April 27, 2018." Petn. ¶ 10. California Fueling paid SwRI $256,000 under the parties' contract to perform the testing.

California Fueling later believed that SwRI violated the contract and misappropriated California Fueling's trade secrets by providing its biodiesel (and possibly additional fuels or information) to a competitor. On July 16, 2020, California Fueling, through counsel Andrew Jablon, telephoned SwRI's counsel and told him that California Fueling considered SwRI's

1

disclosure of the biodiesel to a competitor to be both a breach of the parties' contract and a misappropriation of SwRI's trade secrets. ECF No. 1 at 29 ¶ 2. Jablon told SwRI's counsel that it did not want to sue, but would do so if necessary, and that to resolve all claims without litigation, California Fueling was seeking the return of all sums paid by California Fueling to SwRI, estimated at the time by Jablon to be about $350,000. *Id.* As noted, the actual sums paid were $256,000.

SwRI filed this lawsuit in Texas state court on July 20, 2020, seeking a declaratory judgment and monetary damages. The petition states that the "action primarily seeks declaratory relief" and that "SwRI seeks an award of damages and attorney's fees in an amount less than $75,000." Petn. ¶ 2. It alleges that, following termination of the contract, California Fueling has made repeated, non-judicial requests for information from SwRI, in contravention of contract provisions limiting California Fueling's information rights to the term of the Contract. *Id.* ¶ 12. The petition alleges that California Fueling has further caused publications to reference SwRI without its prior consent, in contravention of contract terms prohibiting California Fueling from advertising or publicizing any reference to SwRI without its prior written consent. *Id.* ¶ 13. For the breach-of-contract count, SwRI alleges that it fully performed all obligations under the Contract, or alternatively, SwRI's performance was excused by the prior material breach of the Contract by California Fueling. *Id.* ¶ 25. SwRI alleges that California Fueling has breached the Contract as described and seeks recovery of all damages resulting from California Fueling's breach of contract, as well as attorney's fees. *Id.* ¶¶ 26, 27.

The petition further alleges that "California Fueling has made unsubstantiated claims that SwRI misappropriated a biodiesel fuel, designated and coded by SwRI as EM-10198-F" that "has nothing to do with California Fueling or California Fueling products or intellectual property." *Id.* ¶ 14. The petition alleges that nevertheless, California Fueling has demanded that SwRI refund a

portion of the moneys expended on the Project to California Fueling. *Id.* The petition asserts that "SwRI has fully earned the monies California Fueling paid in connection with the Project and there is no basis for the claimed refund." *Id.*

The petition asserts a cause of action for declaratory judgment to "terminat[e] the controversy and resolv[e] uncertainty in the parties' legal relations going forward." *Id.* ¶ 17. SwRI requests that the Court enter a declaratory judgment that (1) SwRI in using biodiesel EM-10198-F did not, in any manner, misappropriate or use any California Fueling product or intellectual property as California Fueling has no right, title or interest in EM-10198-F and EM-10198-F bears no relationship to California Fueling; (2) the Contract has terminated and California Fueling's information rights concerning the project have ended; (3) SwRI performed the Contract and SwRI's fees were fully earned such that California Fueling is not entitled to a refund of any amounts paid to SwRI under the Contract; and (4) the Contract includes an obligation, that survives the termination of the Contract, not to publicize reference to SwRI without SwRI's prior written consent, and California Fueling has no right to use SwRI's name absent SwRI's prior written consent. *Id.* ¶ 20. It further states, "This declaratory judgment action is intended to definitely determine the parties' rights with respect to the Contract and Project and to end California Fueling's claims against SwRI concerning its purported intellectual property." *Id.* ¶ 21. SwRI also seeks reasonable attorney's fees under Texas Civil Practice and Remedies Code § 37.009.

California Fueling timely removed the action on August 20, 2020. The existence of diversity of citizenship is undisputed. SwRI is a citizen of Texas and California Fueling is a citizen of California. *See* ECF No. 1 (notice of removal); ECF No. 4 (Supplement to Notice of Removal). However, SwRI moves to remand on the basis that the amount in controversy requirement is not satisfied, citing its petition's allegation that the amount in controversy is less than $75,000 and

arguing that California Fueling improperly bases the amount in controversy on its own unasserted claims and settlement offer. SwRI argues that the case should be remanded because the amount in controversy is less than $75,000, or alternatively, because California Fueling has not met its burden to show that the case involves more than $75,000 in controversy.

**Analysis**

As the party invoking federal diversity jurisdiction, California Fueling bears the burden of establishing the amount in controversy by a preponderance of the evidence. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Although SwRI contends that a favorable ruling on its declaratory judgment request would merely preserve the status quo and not confer any monetary benefit on SwRI, ECF No. 8 at 2, this ignores the value of the benefit of a declaratory judgment that it did not misappropriate trade secrets, precluding any claim by California Fueling. In a declaratory judgment action, "the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented." *Id.* In the Fifth Circuit, this value is strictly determined through the viewpoint of the plaintiff. *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 639-40, 640 n.4 (5th Cir. 2003). The parties essentially disagree on the value of the right that SwRI seeks to protect or the extent of injury to be prevented in its declaratory judgment claim.

The face of the petition does not indicate that the amount in controversy exceeds $75,000. SwRI pleads that it seeks damages less than $75,000, and there is insufficient information in the petition to determine the value of the declaratory judgment action to SwRI.[1] California Fueling was required only to plausibly state the amount in controversy in its Notice of Removal but is now

---

[1] The Court does not find that Plaintiff's pleading of monetary damages less than $75,000 controls, as SwRI is referring only to the damages sought for its breach-of-contract claim, and there is no dollar amount pled in the petition in relation to the value of its declaratory judgment action for purposes of federal diversity jurisdiction. Accordingly, the Court treats this case as one in which the plaintiff has not stated the amount in controversy.

4

required to come forward with summary-judgment type evidence and prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014). If the defendant can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. *See De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir. 1995).

The first question is whether California Fueling has met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. California Fueling offers SwRI's petition, the affidavit of Patrick J. McDuff (its executive officer), the affidavit of Jablon, and proof of payments it made to SwRI under the contract totaling $256,000. The parties dispute whether evidence of California Fueling's settlement demand (discussed in Jablon's affidavit) may be considered to determine the amount in controversy. SwRI argues it cannot, relying on Federal Rule of Evidence 408, which states that "conduct or a statement made during compromise negotiations about the claim" is not admissible "either to prove or disprove the validity or amount of a disputed claim." FED. R. EVID. 408.

"Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met." *Grinnell Mut. Reins. Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("Acknowledging that the use of a settlement offer would not be permissible at trial as evidence to establish 'liability for or invalidity of the claim or its amount,' the Ninth Circuit has held that it is permissible for a district court to consider settlement offers

when deciding the jurisdictional question. We agree. The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something").

Without expressly deciding the issue in light of Rule 408, the Fifth Circuit has allowed pre-suit demand letters to be submitted to demonstrate whether the amount in controversy exceeds $75,000. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir.1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir.1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount). District courts in the Circuit routinely consider them to determine the amount in controversy. *E.g*., *Rios v. Liberty Mut. Fire Ins. Co.*, No. DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *4 (W.D. Tex. Jan. 18, 2017) ("[F]ederal district courts frequently consider pre-suit demand letters for assistance in determining whether the evidence preponderates in favor of finding that there is a sufficient amount in controversy."); *King v. Ameriprise Fin. Servs., Inc*., No. C–09–112, 2009 WL 1767641 at *4 (S.D. Tex. June 19, 2009) (a pre-suit settlement letter is relevant evidence of the amount in controversy). Accordingly, the Court overrules SwRI's objections to Jablon's affidavit under Rule 408 and finds that his affidavit and the pre-suit settlement demand are relevant evidence of the amount in controversy.

SwRI contends that, even if the settlement demand can be considered, California Fueling's demand for a full refund on a "conclusory basis" without grounding its damages claim in law or

6

fact is insufficient to determine the amount because the contract is terminated and no obligations remain due. At most, SwRI argues, California Fueling's demand creates ambiguity about the amount in controversy, which is insufficient to meet its burden. This argument has some appeal, but the Court ultimately rejects it based on SwRI's own petition.

While district courts in the Fifth Circuit consider pre-suit settlement demands, they are not necessarily determinative of the amount in controversy. They must represent a reasonable estimation of the amount in controversy. *Monzon v. Lowe's Companies, Inc.*, No. EP-16-CV-00482-KC, 2017 WL 10743000, at *7 (W.D. Tex. May 26, 2017) (finding plaintiff's settlement demand of $250,000 to not be a reasonable approximation of the value of the rights being litigated because of the pronounced disparity between the demand amount and the concrete medical expenses incurred).

Courts have held that if a plaintiff seeks a declaration regarding liability, the potential liability is the amount in controversy. *Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 927 (W.D. Tex. 2013) (quoting *Rangel v. Leviton Mfg. Co., Inc.*, No. EP–12–CV–04–KC, 2012 WL 884909, *6 (W.D. Tex. Mar. 14, 2012)); *see also Dow Agrosciences LLC v. Bates*, 332 F.3d 323 (5th Cir. 2003), *vacated on other grounds by Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) (where plaintiff sought a declaratory judgment that it was not liable to farmers threatening to sue, amount in controversy was properly determined by consulting damages claimed in pre-suit demand letters). Similarly, in the insurance declaratory judgment context, courts may measure the amount in controversy on the insurer's potential liability under the contract. "When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the 'object of the litigation' is the policy and the 'value of the right to be protected' is [insurer's] potential liability under that policy." *St. Paul Reinsurance*, 134 F.3d at 1253. "[T]he jurisdictional amount

7

in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

It is true that California Fueling's claim for its money back is not tied to any particular damages for the alleged misappropriation. The Court is not given any information from which to calculate potential liability for a misappropriation claim in terms of harm suffered by California Fueling and damages recoverable in an actual lawsuit. Thus, the fact that California Fueling demanded a return of all monies paid under the contract does not necessarily establish the value of SwRI's declaratory judgment action. Courts have indicated that, where potential liability is properly quantifiable as exceeding $75,000, courts may find jurisdiction, but where there is no indication of the value of defendants' claims, courts cannot. *Needbasedapps*, 926 F. Supp. 2d at 929. However, while there is nothing to tie SwRI's alleged misappropriation to potential liability in the amount of a full refund, SwRI's petition does indicate the value of the declaratory relief to SwRI.

The petition asks the Court to enter a declaratory judgment that SwRI in using biodiesel EM-10198-F did not, in any manner, misappropriate or use any California Fueling product or intellectual property and that SwRI performed the Contract and SwRI's fees were fully earned such that California Fueling is not entitled to a refund of any amounts paid to SwRI under the Contract. *Id.* ¶ 20. It further states, "This declaratory judgment action is intended to definitely determine the parties' rights with respect to the Contract and Project and to end California Fueling's claims against SwRI concerning its purported intellectual property." *Id.* ¶ 21. SwRI's petition references California Fueling's demand (without stating the amount) and specifically asks for declaratory judgment that "California Fueling is not entitled to a refund of any amounts paid to SwRI under the contract." Accordingly, a ruling in SwRI's favor would confer a benefit in terms

of avoiding California Fueling's demand for a refund. Even if SwRI's actual potential liability for misappropriation is not the full refund amount, California Fueling would likely demand a significant amount in damages in any suit, given the size of its settlement demand.

The Affidavit of Executive Vice President Walter Downing states that SwRI does not seek an economic benefit for its declaratory judgment claim, but does not address the request for a declaration of nonliability on the misappropriation claim or the value of such a claim to demonstrate that it is less than $75,000. The language in SwRI's petition puts in issue the refund of amounts paid as relevant to the amount in controversy. This coupled with the damages and attorney's fees sought for its breach-of-contract claims, which may be aggregated with the value of the declaratory relief, is sufficient to meet California Fueling's burden to show that the amount-in-controversy requirement is met. SwRI has not shown to a legal certainty that the amount in controversy is less than $75,000, and its post-suit affidavit by Walter Downing stating it will not seek or accept more than $75,000 in monetary damages is irrelevant to the determination.

## Conclusion

SwRI's motion to remand (ECF No. 8) is DENIED.

It is so ORDERED.

SIGNED this October 27, 2020

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE